[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Lee Brook Associates presents an interesting argument as to why the court has no subject matter jurisdiction. It owns a parcel of land concerning which it has entered into an agreement with another party which intends to conduct a selective harvest of timber of the Lee Associates property.
An application was filed with Ledyard Inland Wetlands and Watercourses Commission seeking a determination that its proposed activities in wetlands and watercourses were permitted as of right under the wetlands and watercourses statute, § 22a-28 et seq. The defendant Commission made a determination that the proposed tree cutting was an activity permitted as of right under § 22a-40 (a)(1).
Gradymac, LLC has now filed a complaint seeking to appeal the action of the Commission and is seeking injunctive relief to prevent the tree cutting. In response, Lee Brook Associates has raised, by way of a memorandum, that the court has no subject matter jurisdiction asserting that Gradymac has not alleged facts sufficient to make a determination that it is a "person" aggrieved by any decision made pursuant to §22a-36 to § 22a-45 of the act. Gradymac, LLC is an organization consisting of people who have an interest in protecting the environment. A lady named Consolini is a member of Gradymac and she owns property that shares a common boundary with the property that was the subject of the application before the Commission and which is now the subject of this appeal.
Gradymac asserts that it has so-called representational standing. Relying on Hunt v. Washington State Apple Commission, 432 U.S. 333
(1977), our court in Conn. Assoc. Builders Contractors v.Hartford, 251 Conn. 169, 185 (1999), found an association like Gradymac has standing to bring suit on behalf of its members if (a) the members would have standing to sue in their own right; (b) the interests it seeks CT Page 2476 to protect are germane to the organization's purpose; (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
Lee Associates, however, argues that the section of the act (§22a-43), which defines the right of appeal from actions of the Commission precludes the application of the doctrine of representational standing except as to classic aggrievement. It refers to the language of §22a-43 and compares it to the language of § 8-8 of the chapter dealing with zoning which defines the right of appeal as to zoning matters. Section 22a-43 (a) in relevant part gives a right to appeal to (1) "any person aggrieved" or (2) "any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any . . . decision or action made pursuant (to sections §§ 22a-36 to 22a-45)."
Section 8-8 reads differently. There, it says in subsection (c), "any person aggrieved by a decision of the board may take an appeal to the superior court." Subsection (a)(1) previously had defined an "aggrieved person" to be "a person aggrieved by a decision of a board" (classic aggrievement) and then goes on to say "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board" (statutory aggrievement). Lee Associates goes on to argue that it is elementary that no word in a statute should be treated as insignificant or superfluous and the different language in the two statutory schemes should lead the court to recognize the concept of representational standing under §22a-43 only as it applies to so-called classic aggrievement. As noted, that statute provides that abutting landowners and people who own land within ninety feet of the subject property have a right to appeal but does not define them as "aggrieved" parties. Thus, the right to appeal is explicitly granted to that category of people and there is no statutory aggrievement as such. Since Gradymac does itself not own abutting land or land within 90 feet of the subject property it cannot appeal on its own behalf under the language of the statute and, as noted, representational standing does not apply.
The court cannot accept this argument. The fact that in two statutes over twenty years apart the legislature used different language to define the persons or entities who may take an appeal should not be taken to limit the right of a representative organization to take an appeal representing a member who is explicitly given the right to appeal. The definitions in § 8-8 and § 22a-43 over who may take an appeal and the policy reasons why the legislature so decided have nothing to do with the concept of representational standing as such and the limitations in CT Page 2477Hunt put on how representational standard may be exercised make sure that the legislative intent as to the right to appeal is not subverted.
Representational standing under Hunt is a judicially created doctrine formulated to insure that associations or organizations seeking to invoke the court's machinery can fully and adequately represent their members in such things as appeals from government action — a separate question from whether the member itself has a right to appeal. It is also a device which allows people who oppose government regulatory activity — either because the agency entrusted with that activity does not enforce ameliorative statutes or enforces them in a way claimed to be prejudicial to private interests — to go to court through their association without risking personal liability.
The legislature under § 8-8 has given people, not classically aggrieved, the right to go to court if they own land abutting or within one hundred feet of the subject land; § 22a-43 gives appeal rights to people owning or occupying land abutting the subject premises or within ninety feet of it without having to show classic aggrievement. Why should the policies and goals sought to be achieved by the concept of representational standing be permitted to be exercised by one category of landowners through their associations but not by another such category when there is nothing about the subject matter of the separate statutory schemes which would indicate why the legislature would have had such an intention?
To approach the problem from another perspective, the legislature in § 8-8 has said, in effect, that people who own abutting land or land within 100 feet of the subject property can appeal; it has further said that under § 22a-43 people who own abutting land or land within 90 feet of the subject property can appeal.
It used different language in each statute to arrive at the end point, i.e., the definition of who may appeal without showing classic aggrievement. But that is what the legislature has presented to the courts. Why should the legislature be presumed to dictate to the courts how these particular people under the respective statutory schemes can best protect their rights — i.e., the right of appeal which the legislature gave them in the first place and presumably thought it would be fair for them to exercise under both § 8-8 and § 22a-43? In other words, concepts such as representational standing by definition are beyond the legislature's concern and do not interfere with its policies, in fact, they facilitate them — here, the right of appeal.
For the foregoing reasons, the subject matter jurisdiction concern is overruled. Gradymac has representational standing to represent the interest of a member who, as set forth in § 22a-43, owns land abutting or within one hundred feet of the property subject to this appeal.
Corradino, J. CT Page 2477-a